## Campbell's Estate (No. 1).

*Sales—Judicial sales—Distribution—Interest on fund.*

When a judicial sale converts land into money for the payment of debts, the money belongs to the creditors in the order of their liens. If, pending delay in distribution, this money is invested, those entitled to it at the time of conversion are entitled to all accretions arising from the investment. The accretions do not form an independent fund, for the benefit of those not sharing in the principal, since no creditor has a legal right to the income produced by another creditor's money.

Where between a sale of decedent's real estate for the payment of debts and distribution of the proceeds, interest has accrued, the principal should be distributed to judgment creditors in the order of their liens, and the interest, pro rata, to the same creditors. It is error to distribute the interest, first, to the satisfaction of a judgment not fully paid from the principal, and the residue to a later judgment not reached in the distribution of the principal.

Argued Jan. 15, 1903. Appeal, No. 14, Jan. T., 1903, by Lafayette Creasy, Sarah H. Orange and S. C. Jayne, from decree of O. C. Columbia Co., Dec. T., 1901, No. 25, sustaining exceptions to auditor's report in estate of Nathaniel L. Campbell, deceased. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Reversed.

Exceptions to report of William Chrisman, Esq., auditor.
The opinion of the Superior Court states the case.

*Error assigned* was in sustaining exceptions to auditor's report.

C. W. *Miller*, with him L. E. *Waller*, for appellants, cited: Rice's App., 79 Pa. 168; Burkholder's App., 94 Pa. 522; Brownsville Deposit and Discount Bank's Appeal, 96 Pa. 347.

*J. B. Robinson* and *Fred Ikeler*, of *Ikeler & Ikeler*, for appellees.

OPINION BY SMITH, J., March 12, 1903 :

The decedent's real estate was sold for the payment of debts, and the proceeds for distribution by the auditor were $2,127.16. Between the confirmation of sale, May 17, 1897, and the filing of the administration account, August 1, 1901, this fund bore interest amounting to $457.50. The auditor distributed the principal to judgment creditors in the order of their liens, and the interest, pro rata, to the same creditors. The court below sustained exceptions to this distribution of the interest, and directed its distribution, first, to the satisfaction of a judgment not fully paid from the principal, and the residue to a later judgment, not reached in the distribution of the principal.

When a judicial sale converts land into money for the payment of debts, the money belongs to the creditors in the order of their liens. If, pending delay in distribution, this money is invested, those entitled to it at the time of conversion are entitled to all accretions arising from the investment. The accretions do not form an independent fund, for the benefit of those not sharing in the principal, since no creditor has a legal right to the income produced by another creditor's money. The authorities on this point are abundant and conclusive, among them being Brownsville Deposit and Discount Bank's Appeal, 96 Pa. 347, and the cases there referred to.

The interest, therefore, was rightly distributed by the auditor, and its distribution by the court below, to those who had no claim on the principle, was erroneous.

The decree of distribution is reversed, and it is ordered that distribution be made as reported by the auditor, with the changes resulting from the reduction of the auditor's fee and the allowance for surveying made by the court below.